UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN T. MCGRATH, SR.                              CIVIL ACTION

VERSUS                                            NUMBER: 10-1094

ST. TAMMANY PARISH JAIL                           SECTION: "S"(5)


**REPORT AND RECOMMENDATION**

Pro se plaintiff, John T. McGrath, Sr., filed the instant in forma pauperis 42 U.S.C. §1983 action, naming as his sole defendant the St. Tammany Parish Jail. While the allegations set forth on his §1983 claim form (rec. doc. 1) are confusing, plaintiff appears to be complaining about the injuries he received in connection with his arrest. In relief, plaintiff seeks to have the arresting officer "arrested", seeks to have St. Tammany Parish pay his hospital bill, wants to be transferred to "another jail", wants to be seen by a doctor at a facility other than the St. Tammany Parish Jail, wants to be reimbursed for his clothes and shoes which were lost at the St. Tammany Parish Jail and wants $5000 in damages for the pain associated with the

refusal of St. Tammany Parish jail officials to provide him with pain medication.

An <u>in forma pauperis</u> complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. <u>See</u> <u>Cay v. Estelle</u>, 789 F.2d 318 (5th Cir. 1986), <u>modified on other grounds by</u> <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>see also</u> <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>Booker</u>, 2 F.3d at 116.

Under federal law, a county (or parish) prison facility, is

not a "person" within the meaning of 42 U.S.C. §1983.[1]  <u>Cullen v. DuPage County</u>, No. 99-C-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); <u>Whitley v. Westchester County Correctional Facility Admin.</u>, No. 97-CIV-0420(SS), 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993); <u>Hancock v. Washtenaw County Prosecutor's Office</u>, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

Although Louisiana courts have not ruled on the issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in <u>Roberts v. Sewerage and Water Board of New Orleans</u>, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in <u>Roberts</u> stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case

---

[1] 42 U.S.C. §1983 provides, in pertinent part:

Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....  (Emphasis added.)

3

> is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, §2.18 and authorities cited therein, §§2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

Roberts, 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the Roberts Court focused its analysis on the independent management, financing, and operations of the Board. See Id., at 352.

By contrast, in City Council of Lafayette v. Bowen, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), writ denied, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the Roberts analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." Bowen, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish government is charged with its jails' physical maintenance. La. Rev. Stat. Ann. §15:702.

However, the duty to administer and operate the jails falls on the sheriff of each parish. La. Rev. Stat. Ann. §15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. Art. 5 §27; see <u>Langley v. City of Monroe</u>, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the <u>Roberts</u> framework, the St. Tammany Parish Jail is not "legally empowered to do" anything independently of either the parish officials or the parish sheriff. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." See <u>Jones v. St. Tammany Parish Jail</u>, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); <u>accord</u> <u>Dale v. Bridges</u>, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).

Therefore, plaintiff claims, urged against the St. Tammany Parish Jail, are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 1st day of June, 2010.

                                        ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.